**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Maria de la Luz Villasenor de Llamas,<br><br>Defendant. | No. CR-14-00865-016-PHX-DJH<br><br>**ORDER** |

The Court is in receipt of the U.S. Probation Office's Request for Early Termination of Defendant's Probationary Term. (*Sealed* Doc. 1720). Therein it is noted that the Government has no objection to her early termination. (*Id*.) For the forgoing reasons, the Court will grant the U.S. Probation Office's Request and terminate Defendant Villasenor de Llamas' remaining probationary term.

I.  Background

On August 23, 2016, a federal grand jury charged the Defendant in a Superseding Indictment with Counts 1 – 37 of Conspiracy to Distribute Controlled Substances (21 U.S.C. § 846), Conspiracy to Launder Monetary Instruments (18 U.S.C. § 1956(h)), Unlawful Use of a Communication Facility (21 U.S.C. § 843(b)), Promotional Money laundering, (18 U.S.C. § 1956(a)(1)(A)(i)), and Concealment Money Laundering (18 U.S.C. § 1956(a)(1)(B)(i)). On February 21, 2017, the Defendant pleaded guilty to an Information charging her with Misprision of a Felony in violation of 18 U.S.C. § 4. Generally, in her plea agreement, the Defendant admitted that she "turned a blind eye" to

the fact that members of her family (indicted co-conspirators) were involved in distributing methamphetamine and marijuana and they were using the bank account of Ramon Llamas' tire shop to deposit drug proceeds which were used to purchase additional controlled substances and other real and personal property. She admitted that she would permit access to her family home for others to retrieve drugs from her home and that she, on Juan Llamas' directive, would give over money to them, essentially aiding in their drug trafficking and money laundering. The Defendant admitted that upon being contacted by law enforcement, she failed to fully inform them about her knowledge of these activities. *See* (Doc. 1061).

The parties agreed that the Defendant would be sentenced to a term of Probation. She also acknowledged that her conviction could affect her immigration status. (*Id*. at 2-3). On October 18, 2017, the Court adjudged the Defendant guilty of Misprision of a Felony and pursuant to her plea agreement, sentenced her to a five-year term of Probation and ordered her to pay a $100 Special Assessment Fee. (Doc. 1440). The Defendant's probation term began on March 6, 2019. She was designated eligible for Low Intensity Supervision. She has served just over 48 months of her 60 month term of probation.

II.   Law and Analysis

Title 18 U.S.C. § 3564(c) gives a district court discretion to determine whether to terminate a term of probation "at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." In making the determination, a court must consult the sentencing factors in 18 U.S.C. § 3553(a). *Id*. A review of these factors and the Defendant's conduct while on probation warrant early termination of her remaining probationary term.

This Court is familiar with the entirety of the Defendant's case as well as those of her co-defendants. Here, the Defendant, stood silent as her family became involved in drug trafficking and money laundering, often using her home and her families business to conduct their illegal operations. She admitted as much in her plea agreement. She has also watched as her family members were convicted of their respective roles in the offense.

Thus, she has endured the impact of her own and her family members convictions and she has expressed remorse and regret for her involvement.

Notably, the Defendant was immediately placed on a low intensity probation program because she was found not to need the intensive supervision of those who pose a danger to others or who are in intense need of substance abuse treatment. The Defendant has of completed her mandatory drug testing without issue, and she has participated in mental health sessions, albeit reluctantly. She has also paid her Special Assessment fee. The Defendant has been in full compliance with here conditions of probation and she has had no law enforcement contacts for the duration of her probation. Accordingly,

**IT IS ORDERED** terminating the Defendant's term of probation.

Dated this 15th day of November, 2021.

Honorable Diane J. Humetewa
United States District Judge